---

*Michael R. Fegen, Prosecuting Attorney and John R. Keys, for Appellee.*

*Richard B. Hauser, for Appellant.*

On April 17, 1989, the Huron County Court of Common Pleas filed a judgment entry accepting appellant's guilty plea on a charge of breaking and entering. The trial court suspended a one-year sentence and placed appellant on probation for three years by journal entry on May 12, 1989. One condition for probation was that appellant abide by all local, state and federal laws. On November 2, 1989, a violation of probation complaint was filed by appellant's probation officer. The complaint alleged that appellant had violated local law by committing theft and falsification. A hearing was conducted on November 30, 1989. On December 1, 1989, a judgment entry was filed finding that appellant had violated her probation by violating local law. A judgment entry ordered appellant's probation revoked and imposed the original sentence of a one year imprisonment.

On December 5, 1989 appellant filed a notice of appeal. Appellant's brief contains four assignments of error which state:

"I. THE COURT ERRED BY PERMITTING A HURON COUNTY PROBATION OFFICER TO TESTIFY TO TELEPHONE CONVERSATIONS BETWEEN HERSELF AND A LICKING COUNTY PROBATION OFFICER AND PERMITTING SAME OFFICER TO TESTIFY AS TO CONTENT OF NEWARK POLICE DEPARTMENT REPORTS.

"II. THE COURT ERRED BY PERMITTING TESTIMONY OF HURON COUNTY PROBATION OFFICER LAURA MACK AS TO CONTENTS OF JOURNAL ENTRIES FROM LICKING COUNTY MUNICIPAL COURT AS THE STATE FAILED TO PROVE AS A PREREQUISITE THAT THE CONVICTION WAS COUNSELED OR THAT COUNSEL WAS WAIVED.

### State v. Alderman
*[Cite as 7 AOA 217]*

*Case No. H-89-55*
*Huron County, (6th)*
*Decided October 26, 1990*

"III. THE COURT ERRED BY PERMITTING TESTIMONY OF HURON COUNTY PROBATION OFFICER LAURA MACK AS TO THE CONTENTS OF JOURNAL ENTRIES FROM THE LICKING COUNTY MUNICIPAL COURT BECAUSE OF HEARSAY.

"IV. THE COURT ERRED BY SENTENCING THE DEFENDANT TO INCARCERATION ON THE INSTANT OFFENSE AS INCARCERATION WAS PRECLUDED BY CRIMINAL RULE 32.2(C)."

Assignments of Error Nos. I and III are similar in that they challenge the trial court's consideration of hearsay. Specifically, appellant states that the trial court erred when it allowed the probation officer from Huron County to take the stand and to testify about:

(1) telephone conversations she had with the probation officer from Licking County;

(2) the contents of a police officer's report from Newark, Ohio relating to the charges levied against appellant; and

(3) the contents of journal entries from the Licking County Municipal Court finding appellant guilty of theft and falsification.

Appellant argues that precedent from the United States Supreme Court, from the Supreme Court of Ohio, and from other appellate courts in Ohio precluded the trial court from considering the hearsay testified to by the probation officer when determining whether appellant had violated her probation terms. We agree.

In 1972, the United States Supreme Court ruled that the Fourteenth Amendment to the United States Constitution guarantees certain due process rights to persons subject to parole revocation. *Morrissey v. Brewer* (1972), 408 U.S. 471, 488-489. In 1973, the United States Supreme Court extended the ruling in *Morrissey* to include persons subject to revocation of probation. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782. Both *Morrissey* and *Gagnon* recognized the need for a two step process in determining whether parole or probation should be revoked. The first step in the process requires a court to conduct a hearing to make a factual determination about whether or not the conditions for probation or parole have been violated. The second step of the process requires the court to make a determination about whether the violation should lead to revocation of probation or parole. *Id.* at 784. Accordingly, a trial court considering a case brought for revocation of probation should conduct a preliminary and final revocation hearing. *Id.* at 786. The United States Supreme Court outlined minimum due process requirements to be followed as follows:

"At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing." *Id.* at 786.

Similar due process rights were outlined by the United States Supreme Court for the final, dispositional hearing. Those rights included:

"'(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking [probation or] parole.'" *Id.* at 786 (quoting *Morrissey v. Brewer, supra,* at 489).

These two decisions from the United States Supreme Court were followed by the Supreme Court of Ohio which ruled that due process requirements were violated when a trial court allowed a probation officer to testify about the contents of a report not compiled by that probation officer and the record was devoid of any ruling by the trial court that there was good cause for not requiring the state to provide the witness who did compile the report. *State v. Miller* (1975), 42 Ohio St. 2d 102, at the syllabus. Other courts in Ohio have followed similar reasoning to rule that a trial court may not base a revocation of probation on hearsay without making a specific ruling of good cause for the admission of the hearsay. *Columbus v. Lacy.* (1988), 46 Ohio App. 3d 161, 162-165; *State v. Zeiszler* (1984), 19 Ohio App. 3d 138, 139-140. The provision of Ohio Evid. R. 101(C) excluding revocation of probation hearings from the evidence rules cannot result in wholesale admission of hearsay in a trial court because the Fourteenth Amendment to the United States Constitution guarantees the minimum right to confront adverse witnesses absent some specific showing by the trial court of good cause

for waiving the confrontation right. *Columbus v. Lacy, supra,* at 163.

Our review of the transcript of proceedings reveals hearsay testimony from the probation officer about appellant's convictions for theft and falsification in Licking County. No other evidence exists to substantiate the testimony of the probation officer. The information the probation officer testified about was hearsay. The record does not contain any specific ruling by the trial court showing good cause for the admission of the hearsay. Accordingly, we find appellant's first and third assignments of error well-taken.

Appellant's second and fourth assignments of error both address the question of whether appellant's convictions in Licking County could be used to institute revocation of probation in Huron County. Appellant argues that because her convictions in Licking County were the result of proceedings in which appellant had no attorney, the convictions from Licking County could not be introduced to demonstrate a violation of her probation terms in Huron County. Appellee argues it had no burden to demonstrate that appellant had counsel in Licking County. Rather, appellee asserts that its only burden was to demonstrate that appellant had violated her probation terms. We agree. The Supreme Court of Ohio has already addressed the question of whether Crim. R. 32.3(C) and Crim. R. 44(B) apply to probation revocation proceedings. *State v. Delaney* (1984), 11 Ohio St. 3d 231, 235-236. The Supreme Court of Ohio concluded that the two criminal rules requiring appointment of counsel and prohibiting revocation of probation under certain circumstances do not apply to prevent the revocation of probation when the justification for the revocation is a conviction for a petty offense in which the probationer had no counsel. *Id.* at 235-236. However, as we have already noted in our discussion under Assignments of Error Nos. I and III, appellee failed to establish its burden of proof that appellant violated the terms of her probation in Huron County because appellee presented only hearsay testimony. Accordingly, to the extent that Assignment of Error No. II relates to the error of allowing the probation officer to testify about hearsay, Assignment of Error No. II is well-taken. Assignment of Error No. IV is not well-taken.

This court finds that appellant was prejudiced and prevented from having a fair proceeding. The judgment of the Huron County Court

of Common Pleas is reversed and remanded. Appellee is ordered to pay the court costs of this appeal.

HANDWORK, P.J., RESNICK, J., concur.

ABOOD, J., concurs in judgment only.