OPINION
Defendant Darren Riley appeals the November 9, 2000 judgment of the Union County Court of Common Pleas finding that he violated the conditions of his community control sanction and sentencing him to a total of eight years incarceration.
On August 4, 1997, defendant pled guilty to three counts of forgery, two counts of receiving stolen property, two counts of misuse of credit cards, and one count of theft. Defendant was eventually sentenced to a five-year community control sanction for those offenses. See Journal Entry (Jan. 16, 2000), Union County Common Pleas No. 96 CR 80, unreported at *2. See also State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, unreported, 1998 WL 812044, and State v. Riley (June 4, 1998), Union App. No. 14-98-1, unreported, 1998 WL 309273. Among the conditions of defendant's community control sanction were the following:
 I will always keep my supervising officer informed of my residence and place of employment. I will obtain permission from my supervising officer before changing my residence or employment. I understand that if I abscond supervision I may be prosecuted for the crime of escape.
On September 27, 2000, defendant reported to the office of his supervising probation officer Kelly O'Connor for an office visit. At that time, he indicated to Ms. O'Connor that he had obtained employment in Niles, Ohio and wished to move to that area. He also stated that he would reside in Niles with his fiancée's parents until he was able to find a place to live. As a result of this request, defendant was issued a travel permit that same date.
On September 29, 2000, Ms. O'Connor phoned the residence of defendant's fiancée's parents and spoke with Doris Platenak, defendant's fiancée's mother. Ms. O'Connor later described her discussion with Ms. Platenak as follows:
 At that time, on 9-29, I phoned Miss Doris Platenak, which is his fiancée's mother, at the residence where he was supposed to be residing, and she informed me at that time that he was involved in some criminal activity with her mother, his fiancée's grandmother. He had stolen some ATM cards and checks, forged and used the ATM, forged the checks, and used the ATM cards, for his purposes.
Defendant himself called Ms. O'Connor later that same day and admitted that he had used the checks and ATM cards, but indicated that he was going to repay his fiancée's grandmother for the charges. Ms. O'Connor ordered the defendant to immediately return to Columbus and to report to her office on October 4, 2000. When defendant arrived at Ms. O'Connor's office on October 4, he was immediately arrested for violating the conditions of his community control sanction — specifically, Ms. O'Connor alleged that "in or about the month of October 2000, [the defendant] changed [his] residence without [his] supervising officer's permission," and also that "in or about the month of October 2000, [the defendant] failed to inform [his] supervising officer of [his] whereabouts."
At defendant's community control violation hearing, Ms. O'Connor testified that the basis for the defendant's arrest was information she had received from Ms. Platenak that defendant had been living in Niles throughout the month of September. However, Ms. Platenak did not testify herself, because "she had just started a job, so we asked * * * that she write a letter, since she was unable to be here."
From: Doris A Platenak
* * * *
To: Union County Court of Common Pleas
 I Doris A Platenak had spoke with Kelly O'Connor On 9-29-00 concerning Darren Riley's whereabouts, and I had told her that he didn't reside there as of that day, and would not return to this address ever again.
 Prior to that Darren Riley had resided with me [in Niles, Ohio] since the beginning of September with his fiancee Kim Paridon (my daughter).
 I knew nothing of his parole or past convictions and neither did Kim.
 I hope this information is helpful in your attempts to further this matter.
Yours sincerely,
[signed]
Doris A Platenak
The defense objected to this letter, asserting that its admission would violate the defendant's right to confront and question the witnesses against him. The court overruled the motion, and stated that it "consider[ed] the letter as not being admitted for the truth of the matter asserted, but only being admitted to show why she's bringing these allegations of being out of place." However, when asked whether there was other evidence that defendant had failed to advise her of his whereabouts or changed his residence without permission, Ms. O'Connor responded: "[t]hat's basically all I have, is conversation with Miss Platenak, and the letter."
Thereafter, upon the State's motion, the court accepted the letter into evidence, and the State rested its case. The defendant then testified on his own behalf, and asserted that he did not move to Niles, Ohio until late in September, and did not move until after he had obtained permission from Ms. O'Connor. However, he testified that he could not remember at what point in September he had obtained that permission. He also stated that he had moved some of his belongings to Ms. Platenak's residence during the month of September and that he had stayed overnight one time, but denied that he had ever lived there.
Based on all the foregoing, the trial court found that the defendant had violated the conditions of his community control, and sentenced him to a total of eight years imprisonment. Defendant now appeals, and asserts three assignments of error with the trial court's judgment.
 I. The finding by the court that the defendant committed the alleged violations of probation is against the manifest weight of the evidence.
 A. The defendant's right to due process of law was violated when the court allowed hearsay evidence not subject to cross examination, evidence not disclosed to the defendant, he was not provided [sic] an explanation of the reason for the revocation or of the facts relied on and he was not given a hearing before a detached and neutral court.
The defendant-appellant was wrongly sentenced to consecutive terms for allied offenses of similar import in violation of Ohio Revised Code 2941.25.
The lower court failed to properly consider and apply the Senate Bill Two sentencing guidelines.
In his first assigned error, the defendant asserts that the only evidence that he violated the terms of his community control sanction as alleged was hearsay obtained from Ms. Platenak. The defendant contends that because Ms. Platenak did not testify, the admission of this evidence violated the defendant's due process right to confront and cross-examine witnesses as stated in Morrissey v. Brewer (1972), 408 U.S. 471 andGagnon v. Scarpelli (1973), 411 U.S. 778. In State v. Alderman (1990),70 Ohio App.3d 147, 151, the Huron County Court of Appeals observed:
 [C]ourts in Ohio have * * * rule[d] that a trial court may not base a revocation of probation on hearsay without making a specific ruling of good cause for the admission of the hearsay. The provision of Ohio Evid.R. 101(C) excluding revocation of probation hearings from the Evidence Rules cannot result in wholesale admission of hearsay in a trial court because the Fourteenth Amendment to the United States Constitution guarantees the minimum right to confront adverse witnesses absent some specific showing by the trial court of good cause for waiving the confrontation right.
Id. (citations omitted). This Court relied upon similar reasoning inState v. Stokes (June 17, 1999), Union App. No. 14-98-53, unreported, 1999 WL 446087. In Stokes we held that absent good cause shown, due process generally requires the probation officer who testifies regarding the contents of a defendant's probation record to be the same officer who prepared those records. See id. at *6, quoting State v. Miller (1975),42 Ohio St.2d 102, syllabus. See also State v. Mingua (1974),42 Ohio App.2d 35, 39 ("[T]he probationer, or the parolee, should be given the right to confront adverse witnesses whose testimony would affect his freedom, unless such confrontation is found, by the trier of facts upon good cause, not to be necessary").
In the instant case, the only reason given for Ms. Platenak's failure to testify was that she had recently started a new job, and the trial court did not find that Ms. Platenak's absence was for good cause shown. Defendant's counsel timely objected to the admission of the hearsay evidence, and the trial court apparently recognized that both the letter and Ms. O'Connor's phone discussion with Ms. Platenak were hearsay, initially ruling that they were not admissible for the truth of the matter asserted. See Transcript at *10. While it is well established that reliable hearsay is admissible in probation revocation hearings, cf. e.g., State v. Hylton (1991), 75 Ohio App.3d 778, 781-82, the State wholly failed to establish that Ms. Platenak's allegation that defendant had lived with her during the month of September was made under circumstances indicating it to be reliable. We must observe that Ms. Platenak made her allegation while under the belief the defendant had taken checks and an ATM card from her mother. Finally, defendant's supervising officer Ms. O'Connor testified that the only evidence of misconduct by the defendant was her phone conversation with Ms. Platenak and Ms. Platenak's letter, and our own review of the record reveals that assessment to be accurate.
In short, the defendant was given no opportunity to test the veracity of Ms. Platenak's allegations, the court made no finding that Ms. Platenak's absence was for good cause shown, and no other evidence of violation by the defendant was presented. For these reasons, we must conclude that defendant's due process rights were not protected in this case, and that the revocation of his community control was unsupported by sufficient evidence. We therefore sustain the defendant's first assignment of error. Defendant's two remaining assignments of error are overruled pursuant to App.R. 12(A)(1)(c). The judgment of the Union County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with the foregoing opinion.
 ________________ SHAW, J.
BRYANT and HADLEY, JJ., concur.