DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the May 19, 2003 judgment of the Bowling Green Municipal Court which, following a probation violation, sentenced appellant, Joseph F. Bailey, to 170 days of incarceration to be served consecutive to a separate conviction. Appellant raises the following assignment of error:
 {¶ 2} "The trial court violated appellant's constitutional protection from multiple punishments for the same offense by modifying its prior order of sentencing."
 {¶ 3} On November 3, 1999, appellant was convicted of driving under the influence of alcohol, a first degree misdemeanor, in violation of R.C. 4511.19(A)(1). Appellant was sentenced to 180 days in jail, with 170 days suspended upon successfully completing five years of probation. Appellant served ten days of incarceration.
 {¶ 4} On April 3, 2002, appellant was convicted in the Fulton County Court, Western District, for driving under suspension. Appellant was sentenced to 180 days of incarceration commencing on April 8, 2003.
 {¶ 5} As a result of the Fulton County conviction, appellant's probation was violated. On May 19, 2003, appellant admitted to the probation violation and the 170 days of his sentence were reimposed. The court ordered that the 170 days be served consecutively to the 180-day Fulton County sentence.
 {¶ 6} On appeal, appellant argues that the trial court erred by ordering that the reimposed sentence be served consecutive to the 180 day sentence. Appellant contends that because appellant served a portion of his sentence, the sentence was not modifiable. The state asserts that appellant's sentence was not increased or modified and that the court should not be required at the original time of sentencing to determine whether suspended time should be served consecutively or concurrently with a subsequent sentence.
 {¶ 7} In support of his argument, appellant relies on State v.McMullen (1983), 6 Ohio St.3d 244 and State v. Draper (1991),60 Ohio St.3d 81, pre-Senate Bill 2 cases,[1] for the proposition that the court may impose a modified sentence only when a defendant has not commenced the service of his sentence. The Draper court distinguished between probation granted pursuant to R.C. 2929.51(B) or "shock probation" (now known as judicial release, see R.C. 2929.20) and probation granted under R.C. 2929.51(A) and 2951.02. When a defendant has been granted shock probation he "not only has an expectation of finality in the original sentence, but has already undertaken to serve it." Id. at 83. In contrast, the McMullen court, construing R.C. 2951.09,[2]
explained that where probation is granted in lieu of the execution of sentence "the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law." State v.McMullen, 60 Ohio St.3d at 246.
 {¶ 8} In the instant case, appellant was sentenced to and served ten days in jail. The balance of the sentence, 170 days, was suspended on the condition that appellant comply with the probation terms. UnlikeDraper, appellant was not granted judicial release while serving his prison sentence. As in McMullen, the suspension of 170 days of appellant's 180-day sentence was conditioned upon appellant's efforts to reform; thus, appellant did not have an expectation of finality in his sentence. Further, we agree with appellee's assertion that it would be impracticable to require the judge, at the time of sentencing, to determine whether a suspended sentence is to be served consecutively or concurrently with a subsequent conviction. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 9} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Bowling Green Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer, J., concur.
[1] Unlike appellant, the Draper and McMullen defendants were convicted of felonies. Following the July 1, 1996 enactment of Senate Bill 2, community control, under R.C. 2929.15(A)(1), differs from misdemeanor probation, R.C. 2951.02, in that community control sanctions are imposed initially rather than, as in misdemeanor cases, sentencing the offender to a prison term and suspending all or part of the term conditioned on compliance with the probation conditions.
[2] R.C. 2951.09 provides, in part: "When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed * * *."