DECISION AND JUDGMENT ENTRY
{¶ 1} Bryon Estep[1] appeals the Gallia County Court of Common Pleas' finding that he violated his community control sanctions. Estep contends that the trial court erred in determining that he violated his community control by failing to pay court costs and supervision fees. Because the record reveals that Estep admits he failed to pay the costs and fees, and further because the trial court did not base its revocation of Estep's community control solely upon his failure to pay the costs and fees, we disagree. Estep also contends that the trial court erred when it found he violated his community control based upon his probation officer's hearsay testimony that he was convicted of domestic violence in another court. Because Estep did not object to the introduction of a copy of the journal entry from the other court, the trial court's error in allowing the hearsay testimony was harmless. Finally, Estep contends that the trial court erred in finding that Estep failed to promptly notify his probation officer of the domestic violence charges against him. Because the record reflects that Estep actually failed to notify his probation officer, and further because the domestic violence conviction provided the trial court with ample reason to revoke Estep's community control, we find no abuse of discretion in the trial court's ruling. Accordingly, we overrule Estep's assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} In August of 2002, Estep pled guilty to attempted aggravated assault in connection with his actions against a two-year-old child. The trial court sentenced Estep to community control for a period of five years.[2] In August of 2003, the State charged Estep with violating four conditions of his community control. Specifically, the State alleged that Estep failed to refrain from physical aggression toward others and from violating the law, in that Estep was incarcerated for domestic violence relating to the physical abuse of a seven-year-old boy. The State also alleged that Estep failed to notify his probation officer immediately upon his arrest. Finally, the State alleged that Estep violated the conditions of his community control that require him to pay his court costs and supervision fees.
 {¶ 3} The court held a hearing on the alleged violations and received the testimony of Estep and Estep's probation officer, Paul Covey. Estep objected to Covey's testimony regarding the circumstances surrounding Estep's Meigs County conviction for domestic violence. However, when the State sought to introduce a facsimile of a certified copy of the entry journalizing the domestic violence conviction, Estep affirmatively entered no objection.[3]
 {¶ 4} The trial court found Estep guilty of violating the conditions of his community control, revoked the community control, and ordered Estep to serve a twelve-month sentence of incarceration. Estep appeals, asserting the following assignments of error: "I. The trial court erred when it considered violations of community control sanctions three and four demonstrated knowing violations by [Estep]. II. The trial court erred when it found defendant guilty of violations of community control sanctions one and two based on the evidence admitted at the community control revocation hearing. III. The trial court erred when it determined that [Estep] failed to promptly notify his probation officer of the Meigs County charges as alleged in condition two of the community control violations."
 II. {¶ 5} In his second assignment of error, Estep contends that the trial court erred as a matter of law in finding that he violated the conditions of his community control requiring him to refrain from physical aggression against others and from violating the law. Estep contends that the only evidence introduced at the hearing constitutes hearsay, and that basing his revocation on hearsay evidence violates his due process rights. The State concedes that Covey's testimony regarding the details of Estep's domestic violence conviction constitutes hearsay. However, the State notes that it also introduced a copy of the journal entry convicting Estep of domestic violence. Estep's counsel affirmatively stated that he had no objection to the trial court admitting the copy into evidence.
 {¶ 6} The Rules of Evidence do not apply to community control revocation hearings. Evid.R. 101(C)(3). However, "a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing." Gagnon v. Scarpelli (1973),411 U.S. 778, 786. Therefore, Evid.R. 101(C)(3) "cannot result in wholesale admission of hearsay in a trial court because theFourteenth Amendment to the United States Constitution guarantees the minimum right to confront adverse witnesses absent some specific showing by the trial court of good cause for waiving the confrontation right." State v. Alderman (1990),70 Ohio App.3d 147, 150, citing Columbus v. Lacy (1988), 46 Ohio App.3d 161,163. See, also, State v. Riley, Union App. No. 14-2000-43, 2001-Ohio-2101. The Alderman court reversed the trial court's revocation of probation where it was based solely on the probation officer's hearsay testimony regarding the offender's conviction in another court.
 {¶ 7} Here, the trial court did not make a finding that good cause existed to admit Covey's hearsay testimony about Estep's domestic violence conviction. Therefore, the trial court erred in accepting Covey's hearsay testimony. However, unlike the situation presented in Alderman, here the State presented other evidence of Estep's domestic violence conviction. Specifically, the State introduced a copy of the entry journalizing Estep's conviction. Public records are not subject to the rule against hearsay. Evid.R. 803(8). Estep's assertion that the journal entry is inadmissible because it is merely a facsimile copy of a certified copy of the entry fails because Estep did not raise the objection at the hearing and because Estep raises no argument challenging the accuracy of the journal entry.
 {¶ 8} Because we find that the record contains evidence of Estep's conviction for domestic violence, we find that the trial court did not err as a matter of law in finding Estep guilty of failing to refrain from physical aggression toward others and failing to refrain from breaking the law. Accordingly, we overrule Estep's second assignment of error.
 III. {¶ 9} In his first assignment of error, Estep contends that the trial court erred in finding that Estep knowingly violated the conditions of his community control requiring him to pay court costs and supervision fees. At the hearing, Estep conceded that he had not made the required payments. However, Estep argued that he did not know he needed to make the payments. Additionally, Estep testified that he is mentally disabled, that his mother is the payee on his disability checks, and that it is her responsibility to handle his money.
 {¶ 10} We review the trial court's decision to revoke community control using an abuse of discretion standard. Statev. Adams (1980), 62 Ohio St.2d 151, 157; State v. Toler,154 Ohio App.3d 590, 2003-Ohio-5129 at ¶ 5. An abuse of discretion indicates a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} An offender's failure to comply with a condition of his community control that requires him to pay costs or fees cannot constitute the basis for revocation of community control or the imposition of the offender's sentence. R.C.2951.021(B)(4); State v. Flekel, Cuyahoga App. Nos. 80337 and 80338, 2002-Ohio-2963, at ¶ 23. However, the court may consider such a failure as a factor when determining whether to revoke or modify the offender's community control for other violations of the community control sanctions. Toler at ¶ 6. In Toler, the court found that the trial court had adequate grounds for revoking community control in addition to the offender's failure to meet his financial obligations, and therefore that the revocation and imposition of a prison sentence were warranted despite the offender's claim that his indigence prevented him from paying his fines and costs. Id. at ¶ 9.
 {¶ 12} Here, Estep's conviction for domestic violence in another court provided the trial court with adequate grounds for revoking his community control. Therefore, we find no abuse of discretion in the trial court's revocation of Estep's community control, despite his assertion that meeting the financial obligations of his community control was not his responsibility. Accordingly, we overrule Estep's first assignment of error.
 IV. {¶ 13} In his third assignment of error, Estep contends that the trial court erred in finding that he violated his community control by failing to promptly notify his probation officer of his arrest. Estep concedes that he did not call Covey to report his arrest. However, Estep testified that he could not contact Covey because he was only permitted to make one phone call, which he used to notify his mother of his situation. Additionally, Estep testified that Covey never told him that he was required to notify Covey of any contact with law enforcement. As with his first assignment of error, Estep in effect argues that he should not be held responsible for violating this condition of his community control because his failure to comply was not reasonably within his control.
 {¶ 14} Even if we accept Estep's contention that he could not reasonably be expected to comply with this condition of his community control under the circumstances, we find no abuse of discretion in the trial court's decision. First, "the purpose of a probation revocation hearing is to determine whether the alternatives to incarceration which have been made available to the defendant should remain open for him, not to determine whether the defendant should be held responsible for the acts with which he is charged." State v. Hutchison (1989),63 Ohio App.3d 721, 725. Moreover, as we found in considering Estep's first assignment of error, Estep's conviction for domestic violence provided the court with adequate grounds to revoke his community control. Thus, the trial court did not abuse its discretion by revoking Estep's community control and ordering incarceration. Accordingly, we overrule Estep's second assignment of error.
 {¶ 15} Having overruled each of Estep's three assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Abele and Harsha, JJ. concur in judgment only.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment only.
[1] The hearing transcript and parties' briefs indicate that the defendant's name is Bryon. However, our caption reflects the name used by the trial court in its Journal Entry, Byron.
[2] Actually, the trial court sentenced Estep to twelve months in prison, suspended the sentence, and then placed him on community control. Estep did not raise this error, so we do not need to address it. R.C. 2929.15 does not allow the trial court to sentence someone to prison and then suspend the sentence in favor of community control. The trial court must directly impose the community control. See State v. Bailey, Wood App. No. WD-03-50, 2003-Ohio-7254. However, community control includes local jail time. Courts can use a combination of community control sanctions, i.e., jail time, with reporting and supervision afterward.
[3] Although the trial court ruled that the entry be admitted as State's Exhibit 1, the exhibit is missing from the record. Estep did not raise this error, so we decline to address it.