DECISION AND JUDGMENT ENTRY
{¶ 1} Cecil Yost appeals the Meigs County Court of Common Pleas' ruling denying his motion to withdraw his guilty plea. Yost contends that the trial court should have permitted him to withdraw his plea to correct a manifest injustice, namely that he was sentenced to consecutive terms of imprisonment on offenses that constitute allied offenses of similar import. Because Yost did not establish that he suffered a manifest injustice, we find that the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. Accordingly, we overrule his sole assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} On March 6, 2000, Yost appeared before the trial court and pled guilty to two counts of aggravated assault in exchange for the State's agreement to drop unrelated charges pending against Yost in another case. The State informed the court that the two assault counts involved the "same victim, separate set of circumstances." Yost stipulated that each offense was a separate and distinct event. He further stipulated that the court had a factual basis to find that it should impose maximum consecutive sentences. The trial court engaged in a Crim.R. 11 colloquy with Yost and accepted his guilty plea.
 {¶ 3} In its sentencing entry, the trial court found that the parties had "stipulated and agreed that the Court should make the necessary findings to impose maximum consecutive sentences." The court then stated that it was sentencing Yost to eighteen months of imprisonment on each count, with the sentences to run consecutively. Finally, the trial court "suspended" the sentences and placed Yost on five years of community control.[2]
 {¶ 4} Yost later violated the conditions of his community control by committing a criminal offense in another jurisdiction. Yost denied the allegation. The court heard evidence upon the motion, and determined that a Fairfield County court convicted Yost of a criminal offense during the period of his community control. Upon the State's motion, the court revoked Yost's community control and sentenced him to two consecutive eighteen-month terms of imprisonment.
 {¶ 5} Approximately one year after the court revoked his community control, Yost filed a pro-se motion to withdraw his guilty plea to the initial assault charges. The trial court denied his motion, and appointed counsel to represent Yost on appeal.
 {¶ 6} On appeal, Yost asserts the following assignment of error: "The trial court erred by denying Mr. Yost's Motion to Withdraw his Guilty Plea."
 II. {¶ 7} Pursuant to Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. "Manifest injustice" is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith (1977),49 Ohio St.2d 261, 264. The defendant who seeks to withdraw a guilty plea bears the burden of establishing a manifest injustice. Smith at paragraph one of the syllabus. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Smith at paragraph two of the syllabus. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526.
 {¶ 8} When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions, Smith, supra, at 264. An evidentiary hearing is not always required in order to do so. State v. Boyd, Montgomery App. No. 18873, 2002-Ohio-1189. "[A]n undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, supra, at 264. Additionally, a hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. State v. Blatnick (1984), 17 Ohio App.3d 201, 204.
 {¶ 9} Here, Yost asserts that the court must permit him to withdraw his guilty plea in order to correct a manifest injustice: (1) because the imposition of consecutive sentences on his offenses violates the Double Jeopardy Clause, and (2) because he did not receive effective assistance of counsel in the trial court, in that his counsel did not advise him that the imposition of consecutive sentences violates the Double Jeopardy Clause.
 {¶ 10} Yost did not file his motion to withdraw until three and one-half years after he entered his guilty plea. In his motion and in his brief to this court, Yost alleges facts that establish that the assault charges arose from one continuing course of conduct. However, Yost did not swear to his factual allegations in an affidavit or otherwise support the allegations. These factual allegations are contrary to his stipulation at the plea hearing that the two offenses were separate and distinct events.
 {¶ 11} We find that the trial court did not abuse its discretion in denying Yost's motion to withdraw his guilty plea. First, Yost's undue delay in filing his motion weighs against the credibility of his factual allegations. The trial court could reasonably choose instead to believe the stipulations Yost made before it at the plea hearing.
 {¶ 12} Second, even if Yost's factual allegations are true, the court was not required to grant his motion to withdraw his guilty plea. Even assuming that Yost's offenses constitute allied offenses of similar import, the issue of allied offenses can be waived by a defendant. State v. Thrower (1989),62 Ohio App.3d 359, 376 (If a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown.) More specifically, the issue may be waived by a plea agreement. State v. Yeager, Carroll App. No. 03CA786, 2004-Ohio-3640 at ¶ 60. Here, Yost stipulated that each assault was a separate and distinct event, and agreed to community control with the possibility of consecutive sentences if he violated community control. Via the stipulation contained in his plea agreement, he did not raise the allied offense issue, and thus he waived it.
 {¶ 13} Likewise, even if Yost's counsel did not inform him that generally the court can not sentenced an individual to consecutive terms of imprisonment for allied offenses of similar import, it does not necessarily follow that his trial counsel did not offer reasonable professional assistance. In order to show ineffective assistance of counsel, Yost must show that his counsel's conduct could not be considered sound strategy.Strickland v. Washington (1984), 466 U.S. 668, 687. Here, Yost's counsel advised him to accept a plea bargain that stipulated to the appropriateness of consecutive sentences. However, the record reflects that the State dropped charges pending against Yost in another case in exchange for his assent to the appropriateness of consecutive sentences. Yost has not met his burden of alleging facts to establish that this exchange did not inure to his benefit. Therefore, we adhere to the presumption that his counsel's actions might be considered sound trial strategy. See Strickland at 689.
 {¶ 14} Because Yost did not allege facts that would, if true, require the court to grant his motion to withdraw his guilty plea, we find that the trial court did not abuse its discretion in denying Yost's motion. Accordingly, we overrule Yost's sole assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
[2] Pursuant to R.C. 2929.15, a trial court may not sentence a felony offender to prison and then suspend the sentence in favor of community control. State v. Estep, Gallia App. No. 03CA22, 2004-Ohio-1747 at fn.2; State v. Bailey, Wood App. No. WD-03-50, 2003-Ohio-7254. The court must impose the community control directly. Id. Thus, although the trial court stated in its sentencing entry that it was sentencing Yost to prison and suspending the sentence, in fact, the trial court sentenced Yost to community control. See Estep.