OPINION
{¶ 1} Defendant-appellant, Joseph A. Cross, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea and motion for post-conviction relief. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In May 1999, defendant was indicted by the Franklin County Grand Jury on two counts of rape, in violation of R.C. 2907.02 (counts one and three), and four counts of gross sexual imposition, in violation of R.C. 2907.05 (counts two, four, five, and six). Regarding counts one, two, three, and four, the offenses were alleged to have occurred "on or about September 1, 1987 through June 1, 1988" when the victims were 12 years old. On June 11, 1999, defendant pled not guilty as charged. Counsel was appointed to represent defendant.
 {¶ 3} On June 24, 1999, defendant moved to dismiss counts one, two, three, and four of the indictment, on the basis that they were not brought within the time period specified in R.C. 2901.13, and alternatively, on the basis that pre-indictment delay violated the Ohio Constitution and the United States Constitution. The trial court denied defendant's motion to dismiss counts one, two, three, and four of the indictment. In its decision, the trial court determined that the criminal charges did not violate "either the applicable statute of limitations or the speedy-trial provisions of the United States Constitution or the Ohio Constitution." (Trial court July 27, 1999 decision.)
 {¶ 4} On December 22, 1999, defendant pled guilty to two counts of attempted rape, a lesser-included offense to counts one and three. Upon recommendation of the state, the trial court entered a nolle prosequi as to counts two, four, five, and six. On February 4, 2000, the trial court sentenced defendant to seven to 15 years as to count one and seven to 15 years as to count three, to be served concurrently.
 {¶ 5} On July 11, 2001, more than one year after defendant was sentenced to prison, defendant filed a pro se motion entitled "Writ of Error Coram Nobis" in the trial court. In the filing, defendant moved to withdraw his guilty plea on the basis that the trial court lacked subject-matter jurisdiction in the case. The trial court treated the filing as a petition for post-conviction relief pursuant to R.C. 2953.21
and denied it on July 27, 2001, finding, inter alia, that defendant had failed to demonstrate that his guilty plea was involuntary or that the court lacked jurisdiction. Defendant filed a motion for reconsideration of the July 27, 2001 decision, which was denied. On December 31, 2001, defendant filed a "Motion to Amend Indictment or Criminal Complaint and Motion to Sever the State of Ohio as a party," which was denied. On February 7, 2002, defendant filed a motion for a speedy trial, which was denied.
 {¶ 6} On June 13, 2003, defendant moved for leave to file a delayed appeal pursuant to App. R. 5. This court, in State v. Cross (Sept. 2, 2003), Franklin App. No. 03AP-597 (Memorandum Decision), denied said motion on the basis that defendant failed to demonstrate a reasonable explanation for his failure to file a timely appeal.
 {¶ 7} On September 29, 2003, defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21, and a motion to withdraw his guilty plea pursuant to Crim. R. 32.1. On October 27, 2003, the trial court denied defendant's petition for post-conviction relief and his motion to withdraw his guilty plea. In its decision, the trial court found that defendant had not shown that his guilty plea was made involuntarily, and also found defendant's petition for post-conviction relief to be without merit.
 {¶ 8} Defendant appeals from this judgment and assigns the following error:
The trial court abused its discretion when it failed to hold an evidentiary hearing on appellant's petition for state post-conviction relief, in violation of U.S.C. Const. Amends. 5, 14, and Ohio Const. Article I, § 16, namely due process of law, when the appellant's petition conformed to the statutory requirements of R.C. § 2953.23(A)(1)(b), (2), because appellant's reliance upon united states supreme court holdings in a new case, Stogner v. California, 123 S.Ct. 2446 (2003), in which a new rule (federal) of law was established and had the appellant had the benefit of stogner, at the trial court procedures, appellant would never had been found guilty of the offense to which appellant plead [sic] guilty too [sic].
 {¶ 9} By his assignment of error, defendant asserts that the trial court abused its discretion in denying his petition for post-conviction relief without holding an evidentiary hearing.
 {¶ 10} Under R.C. 2953.21, post-conviction relief may be granted where the petitioner demonstrates that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution. If no direct appeal is taken, a petition for post-conviction relief shall be filed no later than 180 days after the expiration of the time for filing the appeal, except as provided in R.C. 2953.23. R.C. 2953.21(A). Clearly, defendant's petitions for post-conviction relief were filed beyond the time specified in R.C. 2953.21(A).
 {¶ 11} R.C. 2953.23 provides that a court may not entertain a petition filed after the expiration of the time period prescribed in R.C. 2953.21(A) or a second petition or successive petitions unless an exception in R.C. 2953.23(A) applies. At the time of defendant's conviction and at the time he filed his September 29, 2003 petition for post-conviction relief, R.C. 2953.23(A) provided as follows:
Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 12} By his assignment of error, defendant asserts that R.C. 2953.23(A)(1)(b) and (2) apply in this case. According to defendant, the United States Supreme Court, in Stogner v. California (2003), 539 U.S. 607,123 S.Ct. 2446, recognized a new federal or state right that applies to him. In Stogner, at 632-633, the United States Supreme Court concluded that a law "enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution."
 {¶ 13} In his reply brief, at 2, defendant asserts the following, "To hold a statute of limitations in abeyance until the so-called `corpus delecti' [sic] is discovered is against the basic proposition of the holding in Stogner." Defendant's argument is unpersuasive. The holding inStogner does not apply to defendant's situation. In the case at bar, the prosecution was brought prior to the expiration of the statute of limitations in effect when defendant committed the offenses for which he was convicted. Stated differently, the time period set forth in the applicable statute of limitations had not expired prior to the prosecution in this case.
 {¶ 14} In the case at bar, the applicable statute of limitations was R.C. 2901.13, which, at the time the offenses occurred in this case, read as follows:
(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
(1) for a felony other than aggravated murder or murder, six years;
* * *
(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered.
 {¶ 15} The Supreme Court of Ohio, in State v. Hensley (1991),59 Ohio St.3d 136, syllabus, held that, "[f]or purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." The court, at 139, further stated that this rule "strike[s] a proper balance between the need to place some restriction on the time period within which a criminal case may be brought, and the need to ensure that those who abuse children do not escape criminal responsibility for their actions."
 {¶ 16} Furthermore, in State v. Elsass (1995), 105 Ohio App.3d 277,281, this court expressly rejected the argument "that, if there is testimony or evidence to demonstrate that the alleged victim is aware of the corpus delicti, or should be aware through reasonable diligence, then the statute of limitations begins to run." Therefore, unless a responsible adult, as listed in R.C. 2151.421, discovers the corpus delicti, the statute of limitations is tolled at least until the child-victim reaches the age of majority. Regarding the case at bar, even if the statute of limitations began to run when the victims turned 18, the prosecution was commenced within six years of that date. Furthermore, nothing in the record indicates that the corpus delicti was discovered by a responsible adult, as listed in R.C. 2151.421, prior to that date. Therefore, the six-year statute of limitations had not expired prior to the commencement of the prosecution in this case. Consequently, we find that the holding of Stogner does not apply to this case.
 {¶ 17} Regarding his petition for post-conviction relief, defendant failed to present facts establishing the applicability of an exception to the 180-day time limit for the filing of a petition for post-conviction relief. On that basis alone, we conclude that the trial court did not err when it denied his motion for post-conviction relief without conducting an evidentiary hearing.
 {¶ 18} In addition to filing a petition for post-conviction relief on September 29, 2003, defendant also filed a motion to withdraw his guilty plea. Crim. R. 32.1 provides as follows:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Under Crim. R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 19} Regarding his Crim. R. 32.1 motion that was denied, defendant states the following in his merit brief, at 2-3: "For the sake of brevity, Appellant has consolidated his argument to include both the denial of Appellant's post-conviction petition and his 32.1, motion to withdraw guilty plea, because a favorable decision on appeal from the post-conviction petition is depositive [sic] of the case on appeal." Apparently, defendant relies on his arguments that the trial court erred in denying his petition for post-conviction relief as support for an assertion that the trial court improperly denied his motion to withdraw his guilty plea without holding a hearing. However, for the reasons stated above, we have concluded that the trial court did not err in denying his petition for post-conviction relief.
 {¶ 20} Additionally, we note that defendant has not argued, in this appeal, that his plea was not entered knowingly, voluntarily, and intelligently. Nevertheless, to the extent defendant challenges the trial court's denial of his motion to withdraw his guilty plea, we find no error in the trial court's denial of said motion. We observe that defendant made various allegations in his Crim. R. 32.1 motion and attached affidavit. However, the various claims in defendant's Crim. R. 32.1 motion and attached affidavit are directly contradicted by the record, general and conclusory in substance, or, even if true, insufficient to necessitate an evidentiary hearing on his motion to withdraw his guilty plea. Upon our review of the record, we conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea under Crim. R. 32.1 without holding an evidentiary hearing.
 {¶ 21} For the foregoing reasons, we overrule defendant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus, P.J., and Bryant, J., concur.