DECISION AND JUDGMENT ENTRY
{¶ 1} Willard P. Allison appeals the Pickaway County Common Pleas Court's denial of his post-sentence motion to withdraw his guilty plea. Allison contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea without conducting an evidentiary hearing. We disagree, because Allison failed to allege facts which, if true, would establish that allowing him to withdraw his plea is necessary to correct a manifest injustice. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On November 5, 2005, the Pickaway County Grand Jury indicted Allison on one count of burglary in violation of R.C. 2911.12(A)(2) and one count of theft from an elderly person in violation of R.C. 2913.02. Allison pled not guilty and requested that *Page 2 
the court appoint an attorney to represent him. The court appointed a state public defender and scheduled Allison's trial for January 13, 2005. Thereafter, Allison sent several letters to the court requesting that the court appoint a different attorney to represent him. However, Allison's court-appointed counsel did not file a motion to withdraw, and the court took no action to remove counsel.
 {¶ 3} On January 12, 2005, Allison appeared before the court with his original counsel for a change of plea hearing. The record does not contain a transcript of the hearing.[1] However, the court indicated in its entry that it "made a full explanation to [Allison] of his rights under the Constitution of the United States and under the Constitution and laws of the State of Ohio. More specifically, the court indicated that it advised Allison of the nature of the crime charged; the penalty; his right to a trial by jury; his right to confront witnesses; his right against self-incrimination; and the state's burden of proof being beyond a reasonable doubt. The court also specifically noted in its entry that it made a personal inquiry of Allison to ensure that he made his plea "voluntarily, with understanding of the nature of the crime charged; its penalty and that it was done without threat, or promise of leniency."
 {¶ 4} Allison filed a signed petition to withdraw his former plea of not guilty and enter a plea of guilty to the charged offenses, which the court witnessed and entered into the record. The petition stated, in pertinent part: "I am satisfied with my attorney's advice. * * * No promises have been made except as part of this plea agreement stated entirely as follows: State will recommend a prison sentence of 3 years for Burglary, with *Page 3 
the sentence for Theft to be concurrent." Neither the petition nor the court's entry contains language to indicate that the court informed Allison that the prosecutor's recommendation is not binding on the court. The court accepted Allison's plea, found him guilty of the offenses charged, and ordered a presentence investigation and report.
 {¶ 5} Allison appeared before the trial court for sentencing on March 16, 2005. The court ordered Allison to serve a sentence of six years on the burglary count and twelve months on the theft count, and ordered that he serve the sentences concurrently. Five days later, on March 21, 2005, Allison filed a handwritten motion to withdraw his guilty plea. Allison attached an affidavit to his motion in which he asserted that his counsel guaranteed him a three year sentence if he pled guilty, and that he was tricked or coerced into pleading guilty. Allison noted that the state recommended a three year sentence, and that he was sentenced "outside" the plea agreement. The record does not contain an entry ruling upon this motion.
 {¶ 6} On March 23, 2006, Allison filed a second pro se motion to withdraw his guilty plea alleging, inter alia, that he did not receive effective assistance of counsel prior to entering his plea. In his argument, Allison noted that he repeatedly complained to the court about his counsel's advice and loyalty prior to entering his plea. Allison also alleged in his argument that counsel erroneously informed him that he could be convicted of complicity despite the fact that the grand jury had not indicted him for complicity.
 {¶ 7} On March 27, 2006, the state filed a memorandum opposing Allison's second motion. On April 4, 2006, the trial court filed a decision and entry, in which it *Page 4 
specifically addressed only the motion filed on March 23, 2006. In its decision, the court found that it fully inquired into Allison's understanding of his rights and intention to plead guilty at the plea hearing. The court denied Allison's motion to withdraw his plea.
 {¶ 8} Allison appeals pro se, and asserts the following assignment of error:
"THE STATE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S FEDERAL QUESTION OF LAW WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING." Additionally, Allison asserts the following: "SUPPORTING FACTS: WHETHER THE STATE TRIAL COURT DENIED APPELLANT'S SUBSTANTIVE DUE PROCESS RIGHTS AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSITTUTION WHEN IT DENIED APPELLANT'S FEDERAL QUESTION OF LAW RELATIVE TO THE VOLUNTARINESS OF HIS GUILTY PLEAS WHEN COUNSEL PROVIDED CONSTITUTIONALLY DEFECTIVE LEGAL ADVICE CONTRARY TO STRICKLAND V. WASHINGTON, 466 U.S. 692 INEFFECTIVE ANALYSIS."
 II. {¶ 9} Allison contends that the trial court erred, and thereby failed to correct a manifest injustice, when it denied his motion to withdraw his guilty plea without conducting an evidentiary hearing. Allison contends that his plea was involuntary because he entered it without the benefit of effective assistance of counsel. Specifically, Allison contends that his trial counsel wrongly informed him that he could be convicted of complicity despite the fact that the grand jury did not indict him on a complicity charge. In so arguing, Allison confines his assignment of error to an issue *Page 5 
raised within his second motion to withdraw his plea. Because the trial court likewise explicitly addressed its ruling to Allison's second motion only, and has yet to rule upon Allison's first motion, we confine our analysis to the issue now raised from within Allison's second motion.
 {¶ 10} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Manifest injustice" is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.State v. Smith (1977), 49 Ohio St.2d 261, 264. A defendant who seeks to withdraw his plea bears the burden of establishing a manifest injustice.Smith at paragraph one of the syllabus.
 {¶ 11} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court.Smith at paragraph two of the syllabus. Therefore, we will only reverse the trial court's decision if the court abused its discretion. State v.Xie (1992), 62 Ohio St.3d 521, 526. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161,169. *Page 6 
 {¶ 12} A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. State v. Blatnick (1984), 17 Ohio App.3d 201, 204. Moreover, when reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions.Smith, supra, at 264. An evidentiary hearing is not always necessary to do so. State v. Yost, Meigs App. No. 03CA13, 2004-Ohio-4687, citingState v. Boyd, Montgomery App. No. 18873, 2002-Ohio-1189. "[A]n undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, supra, at 264.
 {¶ 13} In order to prove a claim of ineffective assistance of counsel a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced his defense. Strickland v. Washington (1984), 466 U.S. 668,687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To make this showing, a defendant must overcome the strong presumption that attorneys licensed to practice in Ohio provide competent representation. Bradley at 142. However, in the context of a guilty plea, a defendant must also demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v.Lockhart (1985), 474 U.S. 52, 58-59. See, also, State v. Parker (Jan. 6, 1998), Washington App. No. 96CA35. If one component of theStrickland test disposes of an *Page 7 
ineffective assistance of counsel claim, it is not necessary to address both components. Bradley at 380-381, citing Strickland at 697.
 {¶ 14} Here, Allison asserts that the trial court should have permitted him to withdraw his guilty plea in order to correct a manifest injustice, namely, that he did not knowingly, intelligently and voluntarily enter his plea because he entered his plea based upon his counsel's bad advice. Allison's undue delay in raising this issue weighs against his credibility. Moreover, even if Allison's counsel did advise Allison that he could be convicted of complicity, Allison has not shown that he suffered a manifest injustice from his counsel's ineffective assistance. In point of fact, one may be convicted of complicity to commit burglary even when the indictment charges the offender with only the principal offense. R.C. 2923.03(F); State v. Sims, Lake App. No. 2001-L-081, 2003-Ohio-324, citing State v. Tumbleson (1995),105 Ohio App.3d 693, 697. See, also, State v. McCoy (Jun. 13, 2000), Franklin App. No. 99-AP-847; State v. Schmitter (Mar. 8, 1999), Madison App. No. CA98-02-010; State v. Schoonover (Sept. 21, 1998), Adams App. No. 97CA647. Thus, Allison failed to show that his counsel's performance was deficient, and cannot establish ineffective assistance under theStrickland test. Therefore, the trial court did not abuse its discretion in denying Allison's motion without a hearing.
 {¶ 15} Accordingly, we affirm the judgment of the trial court.JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.
[1] We note that Allison requested that the court reporter prepare a transcript in accordance with App.R. 9; however, the file does not contain a transcript. Because we can resolve the merits of Allison's appeal without examining the transcript, the omission is of no consequence. *Page 1