**[Cite as *State v. Wise*, 2021-Ohio-3190.]**

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021CA0001 |
| JACOB J. WISE | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Criminal appeal from the Coshocton County
Court of Common Pleas, Case No.
2018CR0148

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 13, 2021

APPEARANCES:

For Plaintiff-Appellee

JASON W. GIVEN
Coshocton County Prosecutor
318 Chestnut Street
Coshocton, OH 43812

For Defendant-Appellant

JUSTIN M. WEATHERLY
Henderson, Mokhtari & Weatherly
1231 Superior Avenue, East
Cleveland, OH 44114

*Gwin, P.J.*

{¶1} Defendant-appellant Jacob J. Wise ["Wise"] appeals from the Coshocton County Court of Common Pleas December 11, 2020 Judgment Entry that denied his motion to withdraw his *Alford* Pleas after sentencing.

*Facts and Procedural History*

{¶2} On September 21, 2018 the Defendant, Jacob J. Wise, was indicted by the Coshocton County Grand Jury on a single count of Rape of a minor less than ten years old in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The potential penalties involved a sentence of fifteen years to life in prison or life in prison without the possibility of parole.

{¶3} On March 12, 2019 Wise's original trial counsel filed a motion to withdraw. On March 25, 2019, new trial counsel for Wise filed a Notice of Substitution of Counsel.

{¶4} On July 29, 2019 the Coshocton County Grand Jury amended the Defendant's earlier indictment, to reflect the following:

　　1. One count of Rape of a minor less than 10 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree;

　　2. One count of Rape of a minor less than 10 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree;

　　3. One count of Rape of a minor less than 13 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; and

　　4. Three counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree.

{¶5}    On September 10, 2019, Wise filed a Motion for a Change of Plea. [Docket Entry No. 105]. On September 20, 2019, Wise filed a written Waiver of Jury Trial. [Docket Entry No. 119]. On that same day, after negotiations, and with the approval of the minor victim and the minor victim's parents, the state entered into an agreement with Wise.  Under that agreement Wise pled guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to an amended Count One, Rape in violation of R.C. 2907.02(A)(1 )(b) a felony of the first degree, amended Count Two, Rape in violation of R.C. 2907.02(A)(1)(b) a felony of the first degree, and Count Three, Rape in violation of R.C. 2907.02(A)(1)(b) a felony of the first degree. The parties also entered into a joint sentencing recommendation of a minimum prison term of ten years and a maximum term of life in prison.  The State of Ohio agreed to a dismissal of counts four, five and six. The joint sentencing recommendation was made pursuant to an agreement of the parties that the sentence would not include the possibility of the penalties involved with a minor victim under the age of ten years, but would only include the single penalty for a minor victim under the age of thirteen years but older than ten years.  *Change of Plea Transcript,* Sept. 20, 2019 at 2-3.

{¶6}    Wise, pursuant to these agreed terms, entered an *Alford* plea to amended count One, amended Count Two, and Count Three of the Indictment.  The trial court proceeded directly to sentencing and sentenced Wise to an aggregate prison term of a minimum of ten years and a maximum of life in prison, this being the minimum term available.

{¶7}    Wise did not file an appeal.

{¶8}   On November 18, 2020, Wise filed a motion with the trial court to vacate his plea. Wise argued that he did not understand the nature of an *Alford* plea and his two trial counsel were ineffective. The state filed a memorandum opposing the motion. By Judgement Entry filed December 11, 2020, the trial court overruled Wise's motion.

*Assignments of Error*

{¶9}   Wise raises three Assignments of Error,

{¶10}  "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED MR. WISE'S MOTION TO VACATE GUILTY PLEA BY FAILING TO FIND MANIFEST INJUSTICE.

{¶11}  "II. THE TRIAL COURT ERRED BY NOT FINDING MR. WISE'S PRIOR COUNSEL RENDERED INEFFECTIVE ASSISTANCE.

{¶12}  "III. THE TRIAL COURT ERRED WHEN IT DID NOT HOLD A HEARING ON THE APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA."

I & III.

{¶13}  In his First and Third Assignments of Error, Wise maintains that the trial court erred by overruling his post-sentence motion to vacate his *Alford* plea, and that the trial court erred by not first conducting a hearing on his motion.

**Standard of Appellate Review.**

{¶14}  Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A motion made pursuant to Crim.R. 32.1 is left to the sound

discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Thus, we review the trial court's decision denying appellant's motion under an abuse of discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32.

{¶15} The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. *State v. Marafa*, 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶ 8.

{¶16} Although no precise definition of "manifest injustice" exists, in general, "'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Wooden*, 10th Dist. Franklin No. 03AP–368, 2004–Ohio–588, ¶10, *quoting State v. Hall,* 10th Dist. Franklin No. 03AP–433, 2003–Ohio–6939; *see, also, State v. Odoms*, 10th Dist. Franklin No. 04AP–708, 2005–Ohio–4926, *quoting State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 83(1998) ("[a] manifest injustice has been defined as a 'clear or openly unjust act'").

{¶17} An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Furthermore, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, 2010 WL 2297917, ¶ 60, *citing State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *Smith, supra,* 49 Ohio St.2d 261, 361 N.E.2d 1324 at paragraph one of the syllabus.

{¶18} A trial court is not automatically required to hold a hearing on a post sentence motion to withdraw a plea of guilty. "A hearing on a post-sentence Crim. R. 32.1 motion is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." *State v. Wynn*, 131 Ohio App.3d 725, 728, 723 N.E.2d 627, 629 (8th Dist. 1998); *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016, 1020(6th Dist. 1984); *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶71; *State v. Kent*, 10th Dist. Franklin No. 03AP722, 2004-Ohio-2129, ¶ 8.

{¶19} A trial court's decision whether to hold a hearing on the motion is also subject to review for abuse of discretion. *Smith, supra.* An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review:** *Whether the trial court's decision to deny Wise's motion to vacate his Alford plea without a hearing was untenable, legally incorrect, or amounts to a denial of justice, or reaches an end or purpose not justified by reason and the evidence.*

{¶20} A criminal defendant's choice to enter a plea of guilty is a serious decision. *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily;

otherwise, the defendant's plea is invalid." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10 (lead opinion), *citing Clark* at ¶ 25.

{¶21} Crim.R. 11(C)(2) governs the process that a trial court must follow before accepting a plea of guilty to a felony charge. *Bishop* at ¶ 11 (lead opinion). Most relevant here, Crim.R. 11(C)(2)(c) requires the court to notify the defendant that he has certain constitutional rights and to determine whether he understands that by pleading guilty, he is waiving those rights. The court may not accept a guilty plea without first doing the following:

> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Id. Crim.R. 11(C)(2)(c) requires the court to communicate this information so that the defendant can make an intelligent and voluntary decision whether to plead guilty. *State v. Miller,* 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 18, *citing State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶22} Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v.*

*Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

{¶23} With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda v. United States*, 368 U.S. 487, 497, 82 S.Ct. 510, 515(1962).

{¶24} An *Alford* plea is a plea of guilty with a contemporaneous protestation of innocence. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162(1970). A court may accept an Alford plea if the following requirements are met:

Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), paragraph one of the syllabus.

{¶25} Wise argues that the trial court abused its discretion by failing to find that a manifest injustice occurred. In making his argument Wise points to three areas where his plea was deficient and thus manifestly unjust. Those areas are: 1) Wise was not aware of the potential sentences he was facing; 2) Wise did not understand the implications of a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970); and 3) The trial court proceeded directly to sentencing without ordering a pre-sentence investigation.

### 1. Potential sentence.

{¶26} Prior to the beginning of the change of plea on September 20, 2019, the prosecutor outlined the negotiated plea agreement for the trial judge,

It's my understanding, based on my conversations with [defense counsel], that he would are going to have a change of plea today. In order to facilitate that change of plea, the state is going to have to make two motions. The first motion would be to amend Count 1 and 2. Count 1 and 2

would be amended to reflect somewhat of a fiction in this case; however, to get to the sentencing range the parties have agreed to, it is necessary. That amendment would be to reflect that the victim in this case was between the ages of 10 and 13 when the crime occurred and not under 10 as was originally reflected in the indictment.

The state is also going to make a motion to enter a nolle prosequi of counts 4 through 6, which would be the third degree felony gross sexual imposition counts. It's my understanding, based on my conversations with [defense counsel], that Mr. Wise will enter pleas to Amended Count 1, Amended Count 2, and Count 3.

The state will enter into a joint sentencing recommendation with the defense. That joint sentencing recommendation will be for a sentence of a minimum of 10 years and a maximum of life in prison on each count to be run concurrent.

The state also has no objection to plea being entered pursuant to the case of *North Carolina v Alford*. And, when the time for parole comes, the state has agreed to be silent and take no position on parole. However, as I have explained to [defense counsel], the victims obviously would still retain the right to give victim impact and input at the time of any parole hearings.

That's the entire agreement as the state understands it.

*Change of Plea* Transcript, Sept. 20, 2019 at 2-3.

{¶27} The trial judge then inquired of Wise,

THE COURT:  Thank you.  Mr. Wise, before the court accepts any change of plea of guilty on your behalf, let me ask you: You've heard from both the prosecuting attorney on behalf of the State of Ohio and you've heard from Mr. Joslyn as your attorney. Have both of them accurately stated to the court the negotiations and the agreement as you understand them to be?

THE DEFENDANT: Yes, sir.

THE COURT: Have the penalties covering the offenses been explained to your satisfaction?

THE DEFENDANT:  Yes, sir.

THE COURT: And have your statutory and constitutional rights, including any applicable affirmative defense been explained to your satisfaction?

THE DEFENDANT:  Yes, sir.

*Change of Plea* Transcript, Sept. 20, 2019 at 4.  The trial court then explained each of the amended charges to which Wise had agreed to plead guilty together with the penalties involved for each charge. *Change of Plea* Transcript, Sept. 20, 2019 at 4-6. When asked if he had any questions "concerning the nature of the charges contained in amended Count 1 and 2, or Count 3, or the penalties that apply to those offenses," Wise responded, "No, Your Honor." *Change of Plea* Transcript, Sept. 20, 2019 at 7.  The trial court reviewed each of the constitutional rights that Wise was waiving if he were to enter his *Alford* pleas. *Change of Plea* Transcript, Sept. 20, 2019 at 8-11. When asked if he understood each of his constitutional rights, or if he had any questions concerning his rights of the procedures

that have taken place, Wise responded that he did not. *Change of Plea* Transcript, Sept. 20, 2019 at 8; 9; 10. When asked by the trial judge if he understood that the "effect of a plea of guilty is one of complete admission of your guilt and that the court upon acceptance of your plea of guilty may chose [sic.] to proceed immediately with judgment and sentencing," Wise responded that he understood. *Change of Plea* Transcript, Sept. 20, 2019 at 8.

{¶28} Our review of the change-of-plea and sentencing hearing reveals the trial court advised Wise of his constitutional rights, the potential penalties for each offense, the possibility of post-release control, as well as the sexual offender registration requirements. The trial court also inquired as to the voluntariness of Wise's *Alford* plea of guilty. In short, the trial court complied with Crim.R. 11. The record demonstrates the trial court had a meaningful dialogue with Wise, fully apprising him of the rights he was waiving. *See, State v. Tillman*, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, 2004 WL 835845, ¶ 20. The court engaged Wise in a personal inquiry as to whether he understood the plea agreement and its consequences. Wise was represented throughout the hearing by two attorneys. Nothing in the record indicates that Wise was confused, mislead or otherwise failed to understand the pleas agreement and its consequences. The record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea. *State v. Hendricks*, 5th Dist. Muskingum No. CT2016-0010, 2017-Ohio-259, 2017 WL 334440, ¶ 35. In the case at bar, the trial judge gave Wise several opportunities to ask questions or bring any concerns to his attention. He did not.

## 2. Wise understood the implications of *Alford* plea.

{¶29}   Upon discussion with the trial court and his two attorneys, Wise notified the court that he would be pleading guilty by way of an *Alford* plea *Change of Plea* Transcript, Sept. 20, 2019 at   3;7-8.. The trial court again discussed with Wise the specific effect of an *Alford* plea and inquired as to whether appellant was entering the *Alford* plea voluntarily and knowingly *Change of Plea* Transcript, Sept. 20, 2019 at 13-14. Wise informed the trial court that he understood the effect of his plea and that it was being made voluntarily and knowingly *Change of Plea* Transcript, Sept. 20, 2019 at 14. Wise signed the written plea of guilty forms in open court. *Change of Plea* Transcript, Sept. 20, 2019 at 17.

{¶30}   The trial court further inquired of Wise,

THE COURT: Do you have any evidence to present which would raise doubt as to your guilt or might show that you are innocent of these crimes?

THE DEFENDANT: No, sir.

*Change of Plea* Transcript, Sept. 20, 2019 at 11. Wise told the judge that he understood everything that has gone on this far. Id. at 12. He further told the judge that complete confidence in his attorneys to represent him skillfully and diligently in this matter. Id. at 11.

{¶31}   Wise does not elucidate with any specificity or particularity the exact basis for his claim that he lacked understanding of the *Alford* plea.  In addition, Wise waited over thirteen months before filing his motion to vacate the plea in the trial court.

{¶32}  Pursuant to the charges in the amended indictment, Wise faced a potential maximum prison sentence of two consecutive terms of life in prison without the possibility of parole, a minimum of 10 years and a maximum of life in prison, and an additional twenty-five (25) year prison sentence. In exchange for his *Alford* plea, Wise received the agreed upon aggregate prison term of a minimum of ten years and a maximum of life in prison, this being the minimum term available.

{¶33}  In this case, the record affirmatively discloses that: (1) Wise's guilty plea was not the result of coercion, deception or intimidation; (2)  Wise's two attorneys  were present at the time of the plea; (3) their advice was competent in light of the circumstances surrounding the plea (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both.  *See, State v. Piacella,* 27 Ohio St.2d 92, 217 N.E.2d 852(1971), syllabus.

{¶34}  Thus, any inference that Wise did not make his *Alford* plea voluntarily is not well taken.

**3. The trial court proceeded directly to sentencing without ordering a pre-sentence investigation report.**

{¶35}  Nothing in the negotiated plea agreement promised Wise that the trial court would defer sentencing and order a pre-sentence investigation report. Further, Wise was informed before entering his plea that "the effect of a plea of guilty is one of complete admission of your guilt and that the court upon acceptance of your plea of guilty may chose [sic.] to proceed immediately with judgment and sentencing." *Change of Plea*

Transcript, Sept. 20, 2019 at 8. Wise expressed no confusion, asked no questions an agreed that he understood what the trial judge was telling him. Id.

{¶36} Nothing within Crim. R. 11 requires a trial court inform a defendant that it either will or will not defer sentencing and order a pre-sentence investigation report. As the rule itself indicates, Crim.R. 32.2 requires a pre-sentence investigation only before granting probation or community control sanctions. *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992). If probation or community control sanctions are not at issue, the rule does not apply. Id.

{¶37} When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions. *See, State v. Allison*, 4th Dist. Pickaway No. 06CA9, 2007-Ohio-789, ¶ 9, *citing State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Yost,* 4th Dist. Meigs No. 03CA13, 2004-Ohio-4687, 2004 WL 1949367; *State v. Boyd*, 2nd Dist. Montgomery No. 18873, 2002 WL 360333; *State v. Cross,* 10th Dist. Franklin No. 03AP-1129, 2004-Ohio-7194, 2004 WL 3090242 [appellant's allegations in his Crim.R. 32.1 motions "are directly contradicted by the record, general and conclusory in substance, or, even if true, insufficient to necessitate an evidentiary hearing on his motion to withdraw his guilty plea."].

{¶38} Nowhere in the record before this Court does there appear any evidence that a presentence investigation report would be favorable to Wise.

{¶39} Accordingly, under the circumstances of the case sub judice, the trial court did not abuse its discretion in finding no manifest injustice which would warrant the extraordinary step of withdrawing Wise's guilty pleas. Further, the trial court did not abuse

its discretion in failing to hold an evidentiary hearing on Wise's motion to withdraw his guilty pleas.

{¶40}  Wise's First and Third Assignments of Error are overruled.

II.

{¶41}  In his Second Assignment of Error, Wise argues that he received ineffective assistance of counsel.

**Standard of Appellate Review.**

{¶42}  When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658(1991).

{¶43}  In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203(1985) the Court noted:

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970);  *see Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969);  *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962)...Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal

cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As we explained in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann" Id., at 267, 93 S.Ct., at 1608.

*Hill*, 474 U.S. at 56-57, 106 S.Ct. at 369.

{¶44} The Court in *Hill, supra*, held that the two-part *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984) test applies to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. at 58, 106 S.Ct. 366, 88 L.Ed.2d 203.

{¶45} To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficiency, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., at 688, 104 S.Ct. 2052. And to establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694, 104 S.Ct. 2052. *Andtus v. Texas,* 590 U.S. __, 140 S.Ct. 1875, 1881 (June 15, 2020). However, a different outcome at the plea stage but for counsel's errors is constitutionally insignificant if the ultimate result that

was reached was neither unfair nor unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct.838, 842(1993).

{¶46} The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610(1983); *State v. Blankenship*, 102 Ohio App.3d 534, 657 N.E.2d 559(12th Dist. 1995); *State v. Burroughs*, 5th Dist. No. 04CAC03018, 2004-Ohio-4769 at ¶ 11.

{¶47} .In a case in which the defendant asked the trial court to discharge his court appointed attorney, the court in *State v. Cowans*, 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298(1999)  Court noted:

> Even if counsel had explored plea options based on a belief that Cowans might be guilty, counsel's belief in their client's guilt is not good cause for substitution. "'A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.' "*Brown v. United States* (D.C.1959), 264 F.2d 363, 369(U.S.App.D.C. 1959) (*en banc*), *cert. denied* 360 U.S. 911, 79 S.Ct.1299, 3 L.Ed.2d 1262(1959), *quoted in McKee v. Harris*, 649 F.2d 927, 932(2nd Cir. 1981). "'If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" *McKee*, 649 F.2d at 932*, quoting McKee v. Harris* (S.D.N.Y.1980), 485 F.Supp. 866, 869.

*Cowans* 87 Ohio St.3d at 73, 717 N.E.2d at 304-305.

**Issue for Appellate Review:** *Whether Wise was prejudiced by trial counsels' representation during his Alford plea*

{¶48} Wise replaced his original trial counsel with two new attorneys of his own choosing. To the extent Wise contends original counsel was ineffective we reject his arguments.

{¶49} Many of Wise's allegations concern matters not reflected in the trial court record. In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Court noted: "[h]owever, a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500(1978); *North v. Beightle*r, 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E. 2d 386, ¶ 7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16.

{¶50} Wise did not attach his own affidavit or the affidavit of any of his previous attorneys to the motion to vacate. The sole affidavit Wise submitted was that of his mother, Carolyn Shustar.

{¶51} Shustar indicated that Wise's attorneys' attitude toward a jury trial diminished after the amended indictment containing four new charges was filed. At that time, the attorneys began to discuss the possibility of a plea bargain. Shustar represents what Wise believed the potential sentence to be ten years in exchange for a plea. She claims she spoke to the "Law Firm" regarding the *Alford* plea and was told Wise would be out within ten years. They also claimed a presentence investigation would be ordered

because it would help when Wise was asking for parole. She further claims that "it was obvious to me" during the plea hearing that Wise did not know what was going on.

{¶52} To the extent that we have found Wise's A*lford* plea was (1) not the result of coercion, deception or intimidation; (2) Wise's attorney was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, we reject Wise's contentions and those contained in his mother's affidavit.

{¶53} The inconsistencies contained within the affidavit render the allegations made therein spurious. For example, while contending that Wise believed he would only receive a ten-year sentence and would be out in ten years, Wise claims that he needed a presentence investigation report to assist him when it came time to be considered for parole. Shustar fails to attribute any statements or representations to any identifiable individual with whom she had spoken; rather, she only refers to the law firm in general terms.

{¶54} In the five-page Judgment Entry filed December 11, 2020 that overruled Wise's motion to vacate his negotiated *Alford* plea, the trial court found Shuster's affidavit to be unpersuasive and replete with hearsay. The trial court found lacking any claim of actual innocence. When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions. *See, State v. Allison*, 4th Dist. Pickaway No. 06CA9, 2007-Ohio-789, 2007 WL 576111, ¶ 9, *citing Smith, supra*, at 264, 361 N.E.2d 1324; *State v. Yost*, 4th Dist. Meigs No. 03CA13, 2004-Ohio-4687, 2004 WL

1949367; *State v. Boyd*, 2nd Dist. Montgomery No. 18873, 2002 WL 360333; *State v. Cross*, 10th Dist. Franklin No. 03AP-1129, 2004-Ohio-7194, 2004 WL 3090242 [appellant's allegations in his Crim.R. 32.1 motions "are directly contradicted by the record, general and conclusory in substance, or, even if true, insufficient to necessitate an evidentiary hearing on his motion to withdraw his guilty plea."].

{¶55} Wise's assertions concerning promises that were made to him by his trial counsel are discredited by a review of the plea colloquy. As we noted in our disposition of Wise's First and Third Assignments of Error, Wise informed the trial court that he understood the effect of his plea and that it was being made voluntarily and knowingly *Change of Plea* Transcript, Sept. 20, 2019 at 14. Wise signed the written plea of guilty forms in open court. *Change of Plea* Transcript, Sept. 20, 2019 at 17.

{¶56} The trial court further inquired of Wise,

THE COURT: Do you have any evidence to present which would raise doubt as to your guilt or might show that you are innocent of these crimes?

THE DEFENDANT: No, sir.

*Change of Plea* Transcript, Sept. 20, 2019 at 11. Wise told the judge that he understood everything that has gone on this far. Id. at 12. He further told the judge that complete confidence in his two attorneys to represent him skillfully and diligently in this matter. Id. at 11. In addition, Wise waited over thirteen months before filing his motion to vacate the plea in the trial court. Finally, nothing in the record suggests that a presentence investigation report would have been favorable to Wise. Therefore his claim that he

needed a presentence investigation report to assist him in gaining parole is purely speculative.

{¶57}  In light of the thorough colloquy that took place in this case paired with the clear terms of the plea agreement that was placed on the record, we find that Wise entered his  *Alford* plea with full awareness that he would be sentenced to prison for concurrent ten year to life sentences. Therefore, Wise's ineffective assistance claim must fail.

{¶58}  There is no evidence that indicates the result of the plea was unreliable or the proceeding was fundamentally unfair as a result of defense counsels' representation of Wise during the *Alford* plea hearing.  Wise received a benefit of having imprisonment without the possibility of parole exchanged for concurrent ten year to life sentences.

{¶59}  Wise's Second Assignment of Error is overruled.

{¶60}  The judgment of the Coshocton County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J. concur